# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD LEE LEWIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 07-033-RAW-KEW** |
| ) | |
| **MARTY SIRMONS, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, challenges his loss of 365 earned credits that resulted from a disciplinary proceeding. He asserts his misconduct conviction for Battery on Staff was not supported by any evidence.

The respondent has filed a motion to dismiss the petition for petitioner's failure to exhaust his state judicial remedy set forth in Okla. Stat. tit. 57, § 564.1. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The record shows that petitioner received a copy of a disciplinary report on July 5, 2005, for the offense of Battery, after he allegedly struck a prison employee on July 1, 2005. After the investigation was completed, a hearing was held on July 6, 2005, with petitioner

present. The hearing officer found petitioner guilty and imposed discipline. A rehearing subsequently was held with petitioner present, and he again was found guilty. The punishment imposed included revocation of 365 earned credits. Petitioner filed an appeal to the Warden and DOC Director, but relief was denied on November 23, 2005.

On August 22, 2006, petitioner attempted to file a petition for judicial review in the Oklahoma County District Court, but it was returned unfiled because (1) the pleading was not in compliance with Okla. Stat. tit. 57, § 566.3, which concerns procedures for prisoners who proceed *in forma pauperis*, and (2) petitioner's pauper's affidavit was not notarized, and there was no certificate from petitioner's institution. (Docket #1, Exhibit A). On October 19, 2006, he filed a petition for a writ of mandamus in the Oklahoma Court of Criminal Appeals in an attempt to appeal the state district court's denial of relief. The mandamus petition was dismissed, because it was not filed within thirty (30) days as required by Rule 10.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2006). *Lewis v. Jones*, No. MA-2006-1114 (Okla. Crim. App. Nov. 7, 2006) (Docket #1, Exhibit B).

Petitioner's failure to pursue his state court remedies is complicated by the fact that it now is too late for him to file a proper petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007). (citing *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion

2

[and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003). Petitioner states in his response to the respondent's motion to dismiss that he "concede[s]" the motion to dismiss. (Docket #10).

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus (Docket #6) is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 13th day of September 2007.

**Dated this 13th Day of September 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma